UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
Tammy Roseboro, as Administratrix of the Estate :
of John Roseboro, :
                      Plaintiff, :
                       :
        -against- : **MEMORANDUM & ORDER**
                         : **OF REMAND**
                         : **23-cv-7075(DLI)**
Betty J. Shelton, :
                    Defendant. :
-------------------------------------------------------------------x
**DORA L. IRIZARRY, United States District Judge:**

On August 7, 2023, Tammy Roseboro, as Administratrix of the Estate of John Roseboro ("Plaintiff"), filed this personal injury action in New York State Supreme Court, Kings County ("state court"), alleging a state law negligence claim against Betty J. Shelton ("Defendant") in connection with the death of John Roseboro. *See*, Complaint ("Compl."), Dkt. Entry No. 1-1. On September 22, 2023, Defendant removed the action to this Court, invoking this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). *See*, Removal Notice ("Notice"), Dkt. Entry No. 1 ¶ E. To date, Plaintiff has not filed a motion for remand. For the reasons set forth below, this case is remanded to state court *sua sponte* for failure to establish subject matter jurisdiction.

## DISCUSSION

As a threshold matter, the Court first must address whether it may remand this case to the state court *sua sponte*, absent a motion from Plaintiff. The relevant statute, 28 U.S.C. § 1447(c), states in pertinent part:

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

*Id.* The Second Circuit has construed this statute to authorize a district court, at any time, to remand a case *sua sponte* upon a finding that it lacks subject matter jurisdiction. *See*, *Mitskovski*

*v. Buffalo & Fort Erie Pub. Bridge Auth.*, 435 F.3d 127, 131, 133-34 (2d Cir. 2006) (citing *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986)).  The Second Circuit has cautioned district courts to "construe the removal statute narrowly, resolving any doubts against removability." *Lupo v. Hum. Aff. Int'l Inc.*, 28 F.3d 269, 274 (2d Cir. 1994).

Where, as here, a defendant removes a case based on diversity jurisdiction, the defendant bears the burden of establishing that the requirements of diversity jurisdiction have been met. *See, Brown v. Eli Lilly & Co.*, 654 F.3d 347, 356 (2d Cir. 2011).  Pursuant to 28 U.S.C. § 1332(a), the removing party must establish that: (1) the amount in controversy exceeds the $75,000 jurisdictional threshold, exclusive of costs and interest; and (2) there is complete diversity of citizenship of the parties. *Id.*  Here, the Court finds that Defendant has failed to meet their burden of establishing either jurisdictional requirement, warranting remand.

**I.     Amount in Controversy**

A removing party must establish "that it appears to 'a reasonable probability' that the claim is in excess of [$75,000]," exclusive of interest and cost. *United Food & Comm. Workers Union, Local 919, AFL-CIO v. CenterMark Properties Meriden Square, Inc.*, 30 F.3d 298, 305 (2d Cir. 1994) (internal citations omitted); 28 U.S.C. § 1332(a).  "[I]f the jurisdictional amount is not clearly alleged in [the] complaint, and the defendant's notice of removal fails to allege facts adequate to establish that the amount in controversy exceeds the jurisdictional amount, federal courts lack diversity jurisdiction as a basis for removing the plaintiff's action from state court." *Lupo*, 28 F.3d at 273-74 (internal citations and quotation marks omitted).  Here, the jurisdictional amount is not alleged in the Complaint and Defendant has not alleged facts sufficient to establish that the amount in controversy requirement is met, warranting remand.

As an initial matter, while the Complaint alleges that the decedent "sustained severe personal injuries resulting in his death on October 6, 2020[,]" Defendant "cannot meet [its] burden by relying on inferences drawn from the Complaint[] because the Complaint does not allege a damages amount." *See, Lachmanaya v. Rocky Towing, LLC, et al,* 2023 WL 2329855, at *4 (E.D.N.Y. Mar. 2, 2023) (internal quotation marks and citations omitted). Nonetheless, Defendant contends that the amount in controversy is satisfied because "[t]he Complaint specifies that the plaintiff 'has been damaged in an amount as exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction'" and "[u]pon information and belief, Plaintiff alleges serious and permanent bodily injuries and wrongful death, including a head injury and provoking a stroke." Notice ¶ F (quoting Compl. ¶ 28). However, such boilerplate allegations are too generalized to enable the Court to "draw a reasonable inference[,] as opposed to speculating[,] that the damages or amount in controversy exceeds $75,000." *See, e.g., Minaudo v. Sunrise at Sheepshead Bay*, 2023 WL 110359, at *3 (E.D.N.Y. Jan. 5, 2023) (collecting cases remanded for failure to establish amount in controversy, even where permanent, serious, and fatal injuries were alleged because allegations did not particularize extent of injuries or damages); *King v. J.B. Hunt Transport, Inc.,* 2020 WL 6545905, at *2 (E.D.N.Y. Nov. 6, 2020) (remanding case in light of boilerplate allegations that plaintiff "sustained severe and protracted personal injuries, endured pain and suffering, were, and are, incapacitated from their normal pursuits, incurred lost earnings and medical expenses, [and] lost the enjoyment of life").

Additionally, Defendant's citation to Plaintiff's allegation that damages "exceed[] the jurisdictional limits of all lower courts which would otherwise have jurisdiction" also is insufficient to satisfy the amount in controversy requirement. "This mention of the 'lower courts' is a reference to the lower civil courts of New York, which may not entertain actions seeking to

3

recover more than $25,000, and not a reference to the federal district courts." *Wright v. JB Hunt Transp. Inc.*, 2019 WL 1936725, at *2 (E.D.N.Y. May 1, 2019) (citation omitted). Plaintiff's decision to file this case in the state court where recovery sought must exceed $25,000 does not support the conclusion that the amount in controversy exceeds $75,000. *Zhang v. Costco Wholesale Corp.*, 2023 WL 2306021, at *2 (E.D.N.Y. Mar. 1, 2023). Accordingly, as Defendant has failed to establish with reasonable probability that the amount in controversy requirement is met for purposes of establishing diversity jurisdiction, this Court lacks subject matter jurisdiction, warranting remand.

Significantly, Defendant was not without recourse to determine the amount of damages Plaintiff seeks. "As courts in this district have reiterated time and time again in *sua sponte* remanding cases, the state courts provide an established and simple mechanism for ascertaining the amount in controversy, through a supplemental demand under [N.Y. C.P.L.R.] § 3017(c)[.]" *Cavaleri v. Amgen Inc.*, 2021 WL 951652, at *3 (E.D.N.Y. Mar. 12, 2021) (collecting cases). Defendant "could have availed [itself] of this procedural mechanism that permits a defendant in 'an action to recover damages for personal injuries' to[,] 'at any time[,] request a supplemental demand setting forth the total damages to which the pleader deems himself entitled.'" *Doe v. Warner*, 2023 WL 2349914, at *4 (E.D.N.Y. Mar. 3, 2023) (quoting N.Y. C.P.L.R. § 3017(c)). Under this mechanism, a plaintiff is required to provide the supplemental demand within fifteen days of the request and failure to provide the information allows a defendant to move in the state court for an order directing the production of that information. N.Y. C.P.L.R. § 3017(c).

Additionally, "the removal clock does not start to run until the plaintiff serves the defendant with a paper that explicitly specifies the amount of monetary damages sought." *Moltner v. Starbucks Coffee Co.*, 624 F.3d 34, 38 (2d Cir. 2010). Consequently, instead of removing the

4

action to this Court prematurely, Defendant could, and should, have availed itself of this mechanism. *See, e.g., Warner,* 2023 WL 2349914, at *4 (finding removal of state action "premature" where defendant "failed to avail himself of" N.Y. C.P.L.R. § 3017(c) to determine the amount of damages plaintiff sought before removing); *Cadmen v. CVS Albany, LLC,* 2022 WL 138056, at *2 n. 2 (E.D.N.Y. Jan. 14, 2022) (same). However, having failed to avail himself of this mechanism, Defendant "'proceeded at [her] peril' in removing this case and 'simply presuming that [her] allegations [would] be deemed sufficient with respect to the required amount in controversy.'" *Warner*, 2023 WL 2349914, at *4 (E.D.N.Y. Mar. 3, 2023) (quoting *Cavaleri*, 2021 WL 951652, at *3 (collecting cases)).

## II.     Diversity of Citizenship

Finally, even if Defendant had alleged the amount in controversy adequately, the Complaint fails to establish diversity of citizenship. Here, Defendant clearly establishes that she is a citizen of the State of California, which establishes her domicile as California. *See*, Def.'s Affidavit, Dkt. Entry No. 1-3. However, while Plaintiff alleges in the Complaint that she is a resident of New York and Defendant relies upon such an allegation to establish diversity of citizenship, "[r]esidence alone is insufficient to establish domicile for jurisdictional purposes." *Van Buskirk v. United Grp. of Cos., Inc.*, 935 F.3d 49, 54 (2d Cir. 2019); *Cf., Navigator Bus. Servs. LLC v. Chen*, 2023 WL 5956335, at *5 (E.D.N.Y. Sept. 13, 2023) (noting that state income tax returns, voter registration, and driver license help to demonstrate citizenship for purposes of diversity jurisdiction). Defendant has not provided any information beyond Plaintiff's residence and, consequently, fails to satisfy the jurisdictional prerequisite of diversity of citizenship, warranting remand.

**CONCLUSION**

For the reasons set forth above, this case is remanded for lack of subject matter jurisdiction to New York State Supreme Court, Kings County, under Index No. 522734/2023.

SO ORDERED.

Dated: Brooklyn, New York
        November 29, 2023

                                                        /s/
                                                  DORA L. IRIZARRY
                                                United States District Judge